In the matter of the grant of letters of administration on the estate of ORMISDA BRUGNOLI, deceased.

ELVIRA BRUGNOLI, respondent-appellee,

*v.*

PIO BRUGNOLI and EMILIA BRUGNOLI, petitioners-appellants.

[Argued October 24th, 1924. Decided January 19th, 1925.] ,

On appeal from a decree in the prerogative court advised by Vice-Chancellor Buchanan, whose conclusions are as follows:

"The surrogate of Middlesex county granted letters of administration upon the estate of the above-named deceased to Elvira Brugnoli [the respondent] as his widow. From this order of the surrogate, the present appellants, as the next of kin of decedent, appealed to the orphans court, and, upon affirmance by the court, brought the present appeal.

"The issue was as to whether Elvira Brugnoli was the widow of decedent, and this involved two questions—[1] was she ever married to Brugnoli, and [2] if so, was her prior husband living at the time of such marriage?

"The burden is, of course, upon the appellants, and after a careful consideration of the record before the orphans court and the additional evidence submitted in this court, I find myself unable to say that error has been proven, although, unquestionably, the evidence gives rise to grave doubts and suspicions. The ceremonial marriage was testified to by another witness, Orsena Lucia [as well as the widow], and her credibilitly has not been impeached, and cannot therefore be disregarded. And notwithstanding the prior marriage, the presumption, under the circumstances, is in favor of the validity of the second marriage. *Tyll* v. *Keller, 1 N. J. Adv. R. 317; 94 N. J. Eq. 426.*

"It may also be said that there is, at least, grave doubt as to the validity of the appeal to the orphans court, which was not taken until some two months or more after the surrogate's order appealed from. The time for such appeal is limited by the statute to twenty days, and I do not see that the stipulation of the parties, that the appeal should be deemed to have been taken within time, could legally avail to validate it.

"I think the costs should be paid out of the estate. There was good ground for the appeal, and the difficulty is obviously the result of decedent's own conduct."

*Mr. Harvey T. Satterthwaite,* for the petitioners-appellants.

*Mr. Edward Sachar,* for the respondent-appellee.

PER CURIAM.

So far as relates to the merits of the case, we see no adequate reason for holding that the learned vice-chancellor erred in his findings of fact on the evidence, and the decree of the prerogative court will therefore be affirmed, for the reasons stated by him in that regard. With respect to the doubt expressed by the learned vice-chancellor upon the question whether an appeal from the surrogate to the orphans court taken after the expiration of the statutory limitation was without the jurisdiction of that court and could not be heard by it, even upon the written stipulation of the parties waiving the limitation, our result upon the merits makes it unnecessary to deal with this aspect of the case, and we prefer to express no opinion thereon.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 14.

*For reversal*—None.